UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL ALLEN HUFF,

        Plaintiff,

        v.                      CAUSE NO.: 3:18-CV-123-PPS-MGG

CHRIS SCHRAMM,

        Defendant.

OPINION AND ORDER

Michael Allen Huff, a prisoner without a lawyer, filed a complaint against Detective Chris Schramm. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Huff alleges that Detective Schramm interviewed multiple witnesses as part of a criminal investigation and provided summaries to Huff. Based on those summaries, Huff entered a guilty plea. However, when he reviewed the video recordings of the

1

witness interviews in preparation for filing a petition for post-conviction relief, he noticed that Detective Schramm misrepresented several of the witnesses' statements.

Huff essentially alleges a claim under *Brady v. Maryland,* 373 U.S. 83 (1963). Though *Brady* relates expressly relates to the prosecution's obligation to disclose material evidence during trial, the Seventh Circuit Court of Appeals has strongly implied that this obligation extends to guilty pleas for exculpatory information. *McCann v. Mangialardi*, 337 F.3d 782, 788 (7th Cir. 2003)(citing *United States v. Ruiz*, 536 U.S. 622 (2002)). However, even if this type of *Brady* claim is cognizable, this is not the proper proceeding to raise the claim because "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). "[A] state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." *Edwards v. Balisok*, 520 U.S. 641, 643 (1997).

To find a *Brady* violation, I would have to find "a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Strickler v. Greene*, 527 U.S. 263, 280 (1999); *Harris v. Kuba*, 486 F.3d 1010, 1014 (7th Cir. 2007). Such a finding would necessarily imply the invalidity of Huff's conviction and sentence. *Skinner v. Switzer*, 562 U.S. 521, 536 (2011) ("[A] *Brady* claim, when successful postconviction, necessarily yields evidence undermining a

2

conviction."); *see also Gordon v. Devine*, 2008 WL 4594354, at *6 (N.D. Ill. Oct. 14, 2008) ("Due Process claims regarding a plaintiff's right to a fair trial and exculpatory information pursuant to *Brady* necessarily raise questions about the validity of a conviction, and thus, are postponed under *Heck*.") (citing *Johnson v. Dossey*, 515 F.3d 778, 782 (7th Cir. 2008)). Therefore, the claim is dismissed.

Though it is usually necessary "to give pro se litigants one opportunity to amend after dismissing a complaint[,] that's unnecessary where, as here, it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Carpenter v. PNC Bank, Nat. Ass'n*, 633 F. App'x 346, 348 (7th Cir. Feb. 3, 2016) (quotation marks omitted); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013); *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile.").

Accordingly, this case is DISMISSED pursuant to 28 U.S.C. § 1915A because it does not state a claim.

SO ORDERED on March 5, 2018.

s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT